UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

STEPHANIE CASAMOR,

        Plaintiff,

vs.

NAVIENT SOLUTIONS, INC.,

        Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, STEPHANIE CASAMOR, by and through undersigned counsel, and brings this action against the Defendant, NAVIENT SOLUTIONS, INC. ("NAVIENT"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This action is brought by a consumer for Defendant's violations the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA") and the Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act", ("FCCPA").

2. Plaintiff alleges that Defendant has unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt from Plaintiff in direct contravention the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief as well as damages, fees, and costs in accordance with the FCCPA and the TCPA.

3. The FCCPA prevents persons from engaging in abusive, deceptive, and unfair collection practices.

4.      The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

## JURISDICTION

5.      This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. <u>Mims v. Arrow Financial Services, LLC</u>, 132 S. Ct. 740 (2012).

6.      Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal TCPA and FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this District.

## PARTIES

8.      At all times relevant to this Complaint, Defendant, NAVIENT was and is a foreign corporation, formed under the laws of the State of Deleware has its principal place of business in Virginia.

9.      On or about May 1, 2014, Sallie Mae, Inc., informed the Florida Department of State that it had changed its name to Navient Solutions, Inc. Thus, for ease of reference, Sallie Mae, Inc., and Navient Solutions, Inc., shall be referred to as NAVIENT.

10. At all times relevant to this Complaint, NAVIENT was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

11. At all times relevant to this Complaint, NAVIENT has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA that originated, routed, and/or terminated telecommunications. 47 U.S.C. § 153(16).

12. At all times relevant to this Complaint, NAVIENT engages in "telecommunications" as defined by the TCPA. 47 U.S.C. § 153(50).

13. At all times relevant to this Complaint, NAVIENT engages in "interstate communications" as defined by the TCPA. 47 U.S.C. § 153(28).

14. At all times relevant to this Complaint, NAVIENT has used, controlled, and/or operated "wire communications" as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce. 47 U.S.C. § 153(59).

15. At all times relevant to this Complaint, NAVIENT has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

16. At all times relevant to this Complaint, the Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FCCPA and the TCPA by virtue of being directly affected by violations of the Act.

17. At all times relevant to this Complaint, the Plaintiff, was and is a natural person "person" as defined by 47 U.S.C. § 153(32).

18.     At all times material hereto, the debt in question was a "debt" as said term is defined under Florida Statute §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

19.     Defendant sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes.

20.     The debt was allegedly incurred by virtue of a student loan in order for Plaintiff to attend Kaiser University.

21.     Upon information and belief, Defendant, NAVIENT by and through its through its agents, representatives and/or employees acting within the scope of their authority, attempted to collect a debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephone, 305-xxx-5713.

22.     This is apparent due to the long delay that occurred before Defendant's representative would begin speaking once Plaintiff answered the call from Defendant.

23.     At times, there would be a beep or short recorded message before Defendant's representative would begin speaking once Plaintiff answered the call from Defendant.

24.     Plaintiff is the sole owner, possessor, subscriber, and user of the cellular telephone that Defendant was calling.

25.     These calls originated from different numbers, including 317-348-9984 and 765-283-3495 and include but are not limited to seven (7) calls placed on August 28, 2014, at or about 8:37 a.m., 9:38 a.m., 11:59 a.m., 2:20 p.m., 3:49 p.m., 3:55 p.m., and 5:51 p.m.

26.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placements of the calls.

27. Plaintiff was damaged by these illegal calls. Her privacy was improperly invaded, minutes were used from her cell phone plans and she was forced to spend time tending to unwanted calls.

28. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

29. Upon information and belief, Defendant knew their collection techniques were in violation of the TCPA, yet still continued to use them therefore willfully or knowingly violated the TCPA.

### COUNT I-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(7)

30. Plaintiff repeats, realleges and incorporates paragraphs 1 through 29.

31. Florida Statutes §559.72(7) states:

> "In collecting debts, no person shall…
> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Florida Statutes §559.72(7).

32. Defendant has on many occasions called Plaintiff by telephone directly, multiple times a day, attempting to collect the debt.  Plaintiff's having to handle debt collection calls to cellular multiple times a day has annoyed Plaintiff and caused unnecessary upon Plaintiff and Plaintiff's family.

33. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(7).

34. As a direct and proximate result of the violation of the FCCPA by Defendant,

Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

35. Plaintiff has hired Loan Lawyers, LLC, to represent Plaintiff in this action and has agreed to pay a reasonable attorney's fee.

36. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, NAVIENT SOLUTIONS, INC., for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require.

### COUNT II- VIOLATION OF THE TCPA, 47 U.S.C § 227 (b)(1)(A)(iii)

37. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 29.

38. Defendant placed many non-emergency calls, including but limited to the calls referenced in paragraphs 25, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C §227 (b)(1)(A)(iii).

39. The term "automatic telephone dialing system" according to 47 U.S.C. § 227(a)(1):

> "… means equipment which has the capacity –
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
> (B) to dial such numbers."

40. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system without their express consent.

41. Plaintiff did not expressly consent to NAVIENT to contact her via cellular phone.

*See* Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014).

42. Even if Plaintiff had so consented, Plaintiff has on at least 4 separate occasions asked Defendant's representative to cease calling her on her cellular telephone. Even oral instructions to cease calls effectively revoke any prior consent the caller may have had. *See* Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014).

43. Plaintiff is "not required to prove that he was charged individually for each of the autodialed calls." Osorio, 746 F.3d 1242 (11th Cir. 2014).

44. The aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system.

45. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

46. With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, at least one Federal Appellate Court has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated numbers, it need only have the *capacity* to do it." Satterfield v. Simon & Schuster, Inc., 569 F.3d 946 (9th Cir. 2009) (emphasis added).

47. Furthermore, the FCC has specifically ruled that a predictive dialer falls within

the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. *2003 TCPA Order*, 18 FCC Rcd 14092-3 at ¶ 133.

48.     Both the FCC and federal courts have held that as a matter of law a predictive dialer is a type of automatic telephone dialing system. *See generally*, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 FCC Rcd. 14,014, 14,090–93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 23 FCC Rcd. 559, 566–67 (Jan. 4, 2008); Meyer v. Portfolio Recovery Associates, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012); Griffith v. Consumer Portfolio Serv., Inc., 838 F.Supp.2d 723 (N.D. Il. 2011); Swope v. Credit Mgmt., LP, 2013 WL 607830 (E.D. Mo. 2013).

49.     The Hobbs Act does not vest federal district courts with subject matter jurisdiction to disregard FCC rulings.

50.     Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

51.     In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

52.      Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling,

the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

53. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii).

54. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C §227 (b)(1)(A)(iii).

55. As a direct and proximate result of the violation of the TCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

56. As a result of Defendant's violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

57. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant NAVIENT SOLUTIONS, INC. for statutory damages of $1,500.00 for each and every violation, an order be entered enjoining Defendant from calling Plaintiff's cellular telephone by use of an automatic dialing system, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, STEPHANIE CASAMOR, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

 /s/ *Yechezkel Rodal*
YECHEZKEL RODAL, ESQ.
Florida Bar Number: 91210
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave.
Ft. Lauderdale, Florida 33316
Telephone:     (954) 523-4357
Facsimile:      (954) 581-2786
E-mail:     chezky@floridaloanlawyers.com